IN THE DISTRICT COURT IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.

3:11-cv-966-J34 MCR

JASON COLE,

    Plaintiff,

v.

CREDIT SOLUTIONS 'L.L.C." AND
DIVERSIFIED MANAGEMENT,

    Defendant.

_____/

## NATURE OF ACTION

1.     This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq* and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72. (hereafter the "FCCPA").

## JURISDICTION AND VENUE

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. §1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4.     Plaintiff, JASON COLE ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Clay, and City of Orange Park.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     Defendant, CREDIT SOLUTIONS 'L.L.C" AND DIVERSIFIED MANAGEMENT ("Defendant") or ("Credit Solutions") is a limited liability company who at all

relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) as well as the FCCPA.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as well the FCCPA..

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

11. In connection with collection of an alleged debt, Defendant called Plaintiff's cellular telephone on June 30, 2011 at about 4:00 P.M., and at such time, left a voicemail message in which Defendant failed to disclose its true corporate and/or business name.

12. Defendant's message further failed to notify Plaintiff that the communication was from a debt collector.

13. In addition, Defendant's message conveyed a false sense of urgency for the purpose of compelling Plaintiff to communicate with a debt collector, including, but not limited to, stating:

    a. "I have information in my office that needs your immediate attention.";

      b.    "Mr. Cole, this is a very serious matter, so I need to speak with you as soon as possible."; and

      c.    "My extension is 1485, which is the investigation unit."

14.    Defendant called Plaintiff's brother on June 30, 2011 at 7:29 P.M., and at such time, disclosed to Plaintiff's brother the existence of a payday loan debt allegedly owed by Plaintiff to "Laser Lending".

15.    During Defendant's telephone conversation with Plaintiff's brother, Defendant's agent and/or employee stated her name was "Investigator Williams" and there was a warrant for Plaintiff's arrest due to the alleged debt.

16.    Plaintiff did not take out a loan from Laser Lending and did not take out a payday loan in May 2010.

17.    Plaintiff had no warrant issued against him in regard to this matter.

18.    Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

19.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 18.

20.    Defendant violated 15 U.S.C. § 1692b(2) by disclosing to a third party the existence of the debt allegedly owed by Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692b(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

21. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 18.

22. Defendant violated 15 U.S.C. § 1692d(6) by failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

23. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 18.

24. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

25. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 18.

26. Defendant violated 15 U.S.C. § 1692e(7) by falsely representing or implying that Plaintiff had committed a crime or other conduct, in order to disgrace Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692e(7);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

27. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 18.

28. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI

29. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 18.

30. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATIONS OF THE SECTION 559.72(5) OF THE FCCPA
## AGAINST CREDIT SOLUTIONS

31. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-18 of this complaint.

32. Defendant violated §559.72(5) of the Florida Consumer Collection Practices Act by disclosing to a person other than the debtor information affecting the debtor's reputation, whether or not for credit worthiness, with actual or constructive knowledge that such person does not have a legitimate business need for the information, or that the information is false.

33. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, JASON COLE, by and through his attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Emotional and/or mental anguish damages;

    c. Statutory damages of $1,000.00;

    d. Plaintiff's attorneys' fees and costs;

    e. Any other relief deemed appropriate by this Honorable Court.

## COUNT VIII
## VIOLATIONS OF THE SECTION 559.72(9) OF THE FCCPA
## AGAINST CREDIT SOLUTIONS

34. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-18 of this complaint.

35. Defendant violated §559.72(9) of the Florida Consumer Collection Practices Act by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist.

36. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, JASON COLE, by and through his attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Emotional and/or mental anguish damages;

 c. Statutory damages of $1,000.00;

 d. Plaintiff's attorneys' fees and costs;

 e. Any other relief deemed appropriate by this Honorable Court.

## TRIAL BY JURY

37. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 23rd day of September, 2011.

Respectfully submitted,
JASON COLE

By: _____
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com